1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, | Case No.  1:20-cv-00101-NONE-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT** |
| v. | |
| JAVANTILAL M. PATEL, doing business as Home2 Suites by Hilton Hanford Lemoore, et al., | (Doc. 17) |
| Defendants. | |

## I.       INTRODUCTION

Before the Court is Plaintiff Theresa Brooke's motion to amend complaint, filed June 11, 2020.   (Doc. 17.)   Defendants Javantilal M. Patel and Anand Hospitality, LLC (collectively "Defendants") filed an opposition brief on July 1, 2020. (Doc. 18.)  That same day, Plaintiff filed a reply brief (Doc. 20), and on July 6, 2020, Defendants filed objections to evidence submitted with Plaintiff's reply (Doc. 21).  After having reviewed the parties' papers and all supporting material, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing was vacated on July 13, 2020.  (Doc. 22.)

For the reasons set forth below, Plaintiff's motion to amend the complaint is GRANTED.

///
///

## II.    BACKGROUND

On January 20, 2020, Plaintiff filed a complaint against Defendants pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the California Unruh Act, California Civil Code § 51 *et seq*.  (Doc. 1.)  Plaintiff alleges she requires the use of a wheelchair for mobility (Doc. 1 ¶¶ 1, 8), is a "serial tester" of ADA compliance and remediation, and that she anticipated visiting Defendants' property that is the subject of the suit, Home2 Suites by Hilton Hanford Lemoore (the "Property"), to check for compliance "in the near future."  (*Id*. ¶ 7.)  Plaintiff alleges that she visited Defendants' website for the Property to check compliance with ADA laws to ensure she would access to all of the Property as able-bodied persons do (*Id*. ¶ 9.). Plaintiff alleges that Defendants' website represented that a concierge desk at the Property is not accessible to persons in a wheelchair, and that, as a result, she was deterred from visiting the Property.  (*Id*.)

Defendants moved to dismiss Plaintiff's complaint on February 11, 2020, asserting that Plaintiff's allegations that she "anticipates visiting" the Property "in the near future," and that she "may stay" at the Property, were insufficient to demonstrate standing under Article III of the U.S. Constitution.  (*See* Doc. 5-1 at 5–9.)  Defendants also sought dismissal of Defendant Patel, whom they contended did not own the Property.  (*See id*. at 9.)  Attached to Defendants' motion was the Declaration of Dan Zoldak, who declared that he inspected the "reservation desk" at the Property and determined that it was in compliance with the "applicable California Building Code."  (Doc. 5-4 ¶ 2 and Ex. C.)

That same day, Plaintiff filed the First Amended Complaint to "remedy several false statements arising from" Defendants' motion to dismiss.  (*See* Doc. 6 ("First Am. Compl.") at 1.) In the First Amended Complaint, the operative pleading, Plaintiff alleges that she anticipated visiting the Property "on or around March 18, 2020."  (First Am. Compl. ¶ 11.)  Plaintiff repeats her allegations regarding Defendants' website for the Property, and further alleges that, taking as true Defendants' representation in their motion to dismiss that the concierge desk is in fact accessible, the website misrepresents the Property's accessibility features.  (*Id*. ¶¶ 13–18.) Plaintiff alleges that this misrepresentation constitutes a violation of 28 C.F.R. §36.302(e) and pleads a claim

1    for intentional misrepresentation, in addition to her ADA and Unruh Act claims, on this basis.  (*Id.*

2    ¶ 18–22, 36–42.)  Plaintiff seeks, *inter alia*, an injunction under the ADA requiring the Property to

3    remove barriers to access related to her disability and monetary damages pursuant to provisions of

4    California law.

5         In light of the filing of the First Amended Complaint, the Court denied Defendants' pending

6    motion to dismiss as moot.  (*See* Doc. 11.)  On February 25, 2020, Defendants moved to dismiss

7    the First Amended Complaint.  (Doc. 12.)  Defendants first contend that the First Amended

8    Complaint is "disguised" as an opposition to the motion to dismiss and should be stricken.  (Doc.

9    12-1 at 6.)  Defendants further re-assert their challenge to Plaintiff's standing, and state that the

10   alleged inaccessible concierge desk does not exist at the Property.  (*Id.* at 10–11.)  Plaintiff filed

11   her opposition to the motion to dismiss on March 1, 2020 (Doc. 14), and the motion was taken

12   under submission and remains pending before the district judge (*see* Doc. 13.)

13                              **III.      DISCUSSION**

14        In the present motion to amend the complaint, Plaintiff seeks to file a Second Amended

15   Complaint to add another barrier to her entry to the Property that she "recently personally

16   encountered."  (Doc. 17 at 1.)  Specifically, Plaintiff contends that she went to lodge at the Property

17   in June 2020, but Defendants' lobby loading zone did not have a compliant access aisle.  According

18   to Plaintiff, because she was not able physically to access the lobby of the Property, she was

19   deterred from actually lodging there.  (*Id.* at 3; Doc. 17-3.)  As set forth in the proposed Second

20   Amended Complaint attached to the motion to amend, Plaintiff seeks to add an additional ADA

21   claim and Unruh Act claim against Defendants directed to the Property's alleged lack of access

22   aisle.  (*See* Doc. 17-3.)

23        Defendants oppose Plaintiff's motion to amend, contending that the proposed Second

24   Amended Complaint is futile, is made in bad faith, and "establishes a dilatory motive."[1]  (Doc. 18

25   at 3–7.)

26

27   ───────────────
     [1] Defendants also oppose Plaintiff's motion to amend on grounds that it contains "numerous statements that are outside
     the record" but fails to support those statements with documentary evidence in violation of Local Rules 142 and 230,
28   *see* Doc. 18 at 2–3, and object to documents attached to Plaintiff's reply brief, *see* Doc. 21.  For the purposes of deciding
     the motion to amend, however, the Court takes as true the allegations made in the proposed Second Amended Complaint

1  **A.    Legal Standard**

2      Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") provides that a party may amend

3  its pleading only by leave of court or by written consent of the adverse party and that leave shall

4  be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(1)–(2).  The Ninth Circuit has

5  instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo*

6  *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "[C]ourts presented with

7  motions for leave to amend a pleading to add an omitted counterclaim generally 'adhere[ ] to the

8  liberal amendment policy of Rule 15' in deciding whether to grant the requested leave." *Lennar*

9  *Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12–cv–02182–KJM, 2015 WL 4910468, at *6 (E.D.

10  Cal. Aug. 17, 2015) (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1085

11  (S.D. Cal. 2002)).  Although the decision whether to allow amendment is in the court's discretion,

12  "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to

13  facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs,*

14  *Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted).

15      The factors commonly considered to determine the propriety of a motion for leave to amend

16  are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of

17  amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura Cty. Cmty. Coll. Dist.*,

18  743 F.2d 1310, 1319 (9th Cir. 1984).  "These factors, however, are not of equal weight in that

19  delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.* 833 F.2d

20  at 186.  "The other factors used to determine the propriety of a motion for leave to amend could

21  each, independently, support a denial of leave to amend a pleading." *Beecham v. City of W.*

22  *Sacramento*, No. 2:07–cv–01115–JAM–EFB, 2008 WL 3928231, at *1 (E.D. Cal. Aug. 25, 2008)

23  (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).  Of

24  these factors, "prejudice to the opposing party is the most important factor." *Jackson v. Bank of*

25  *Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

26

27

28  and does not consider matters outside of that pleading.  *See SAES Getters S.p.A. v. Aeronex, Inc*., 219 F. Supp. 2d 1081,
1088 (S.D. Cal. 2002).

**B.      Analysis**

**1.      Undue Prejudice**

Plaintiff's First Amended Complaint identifies only the concierge desk that was represented, albeit allegedly falsely, on the Property's website as a physical barrier that deterred her from visiting the Property.  (First Am. Compl. ¶¶ 13–22.)  It specifically notes, however, that Plaintiff would amend the complaint to add other potential violations and barriers to her entry at the Property following an expert inspection pursuant to Fed. R. Civ. P. 34.  (*Id.* at ¶ 23.)  This statement was also contained in Plaintiff's original complaint.  (*See* Doc. 1 ¶ 16.)  Since Defendants have been on notice since the inception of this case that Plaintiff would amend her complaint to specify additional barriers to access related to her disability, Plaintiff's proposed amendment does not unduly prejudice Defendants, notwithstanding that no expert inspection has yet taken place.  Defendants were aware that such an amendment was forthcoming and were thus in a position to plan for it and factor it into their defense of this case.  Moreover, no prejudice to Defendants is likely where, as here, "the amendment[] do[es] not change the nature of the action and relate to the alleged violations in the original complaint."  *Moore v. CNC Apex Corp.*, No. 1: 10cv01687 LJO DLB, 2011 WL 2473285, at *2 (E.D. Cal. Jun.21, 2011).

"The party opposing amendment bears the burden of showing prejudice."  *DCD Programs, Ltd.,* 833 F.2d at 187.  Here, Defendants do not directly address the prejudice factor in their opposition.  To the extent Defendants contend that *Agbaje v. Hargave Military Academy*, a case decided by the United States District Court for Western District of Virginia, supports finding of prejudice here (*see* Doc. 18 at 5), their reliance is misplaced.  In *Agbaje*, the court found prejudice where the motion for leave to amend the complaint was filed "in the waning hours of discovery" by a plaintiff "who was disinterested in his own case until the last minute" in an attempt to "salvage his case and avoid summary judgment."  328 F.Supp.3d 539, 544–46 (W.D. Va. 2018.)  This case is at a much earlier stage than that of *Agbaje*.  Because of the parties' motion practice, no scheduling conference has been held (*see* Docs. 16, 23) and discovery has not yet commenced (*see* Doc. 17 at 5.).  As the case docket makes clear, Plaintiff has vigorously prosecuted this case, and has repeatedly indicated to Defendants her intention to amend the complaint to specify additional

barriers to access related to her disability.  Moreover, the amendment Plaintiff seeks is to add an additional barrier, the lack of access aisle in the lobby loading zone, that she alleges she physically encountered upon her visit to the Property in June 2020.  (*See* Doc. 17-3 ¶¶ 23–28.)  Thus, unlike *Agbaje*, the proposed amendment is not directed to the pending dispositive motion, which seeks dismissal of Plaintiff's previously-pleaded concierge-desk-based claim for lack of standing.  (*See* Doc. 12-1 at 10–12.)  Indeed, by the time Plaintiff filed her motion to amend, she had already filed her opposition to Defendants' motion to dismiss, which does not reference any intent to amend the complaint as reason why that motion should be denied.  (*See* Doc. 14.)

In sum, in the absence of any showing of undue prejudice to Defendants, the Court finds that this *Foman* factor militates in favor granting the proposed amendment.

## 2.    Undue Delay and Bad Faith

"Undue delay by itself is insufficient to justify denying leave to amend."  *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).  Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999).  "Examples of bad faith have included—but are not limited to—instances in which a party makes a claim without alleging any newly discovered facts, makes a tactical decision to omit a claim to avoid summary judgment, or includes a claim to harass or burden the other party."  *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010).

Plaintiff alleges in her proposed Second Amended Complaint that she visited the Property and encountered the alleged barrier "on or about" June 1, 2020 (*see* Doc. 17-3 ¶ 23), and her moving papers show that she sought a stipulation to amend from Defendants' counsel on June 8, 2020 (*see* Doc. 17-1 at 5–6.)  When Defendants' counsel did not stipulate (*see* Doc. 17-1 at 1–5), Plaintiff filed the instant motion to amend on June 11, 2020.  These facts demonstrate to the Court's satisfaction that there was no unduly delay by Plaintiff in seeking amendment.

Defendants, relying on *Agbaje*, assert that Plaintiff's motion to amend is in bad faith because it "was brought solely to avoid having a hearing on the twice-filed motions to dismiss" and as "punishment for Defendants' unwillingness to settle the frivolous complaint."  (Doc. 18 at 5.)  As

to the first contention, it is belied by the record in this case.  By the time the motion to amend was filed on June 11, 2020, the hearing on Defendant's motion to dismiss had already been vacated almost *four months earlier*, pursuant to the Court's "Standing Order in Light of Ongoing Judicial Emergency."  (*See* Doc. 13.)  As set forth above, the basis for Plaintiff's proposed amendment is independent of Defendants' motion to dismiss, to which he had already filed an opposition months before filing the instant motion to amend.

There is also no support for Defendants' assertion that Plaintiff's proposed amendment is sought as "punishment" for their unwillingness to settle this case.  As Defendants acknowledge, the Ninth Circuit has held that "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability."  *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008).  This is what Plaintiff seeks to do with her proposed amendment: to add claims related to another physical barrier that she encountered at the Property.  (*See* Doc. 17-3 ¶¶ 23–28.)

Accordingly, the Court is not convinced that Plaintiff's motion to amend was brought in bad faith and finds this *Foman* factor, along with a lack of undue delay, weigh in favor of amendment.

### 3.    Futility

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal."  *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "[P]roposed amendments are futile when they are either duplicative of existing claims or patently frivolous."  *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (alteration omitted).  "However, denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."  *Clarke*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

1    Defendants contend that Plaintiff's proposed Second Amended Complaint is futile because

2    it "fails to plead any standing requirements to support her claim." (Doc. 18 at 4.)  In ADA cases,

3    plaintiffs can establish standing "either by demonstrating deterrence, or . . . injury in-fact coupled

4    with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631

5    F.3d 939, 944 (9th Cir. 2011).  ADA plaintiffs can establish standing if they personally encountered

6    a non-compliant barrier related to their disability and there is "a sufficient likelihood that [they]

7    will again be wronged in a similar way." *See Chapman*, 631 F.3d at 948 (quoting *City of Los

8    Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).  Likewise, an ADA plaintiff may also establish

9    standing under the "deterrent effect" doctrine. *See Chapman*, 631 F.3d at 953.  Under this doctrine,

10   plaintiffs have standing "[s]o long as the discriminatory conditions continue, and so long as a

11   plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Pickern v.

12   Holiday Quality Foods*, 293 F.3d 1133, 1137 (9th Cir. 2002).  This is so because they "suffer[ ] the

13   ongoing 'actual injury' of lack of access to the [public accommodations]." *Chapman*, 631 F.3d at

14   949–50 (quoting *Pickern*, 293 F.3d at 1138).

15   Plaintiff alleges in the proposed Second Amended Complaint that she visited Defendants'

16   Property in June 2020 to lodge there and encountered a physical barrier in the lack of access aisle

17   in the Property's lobby loading zone, which deprived her of the ability to enter the Property.  (*See*

18   Doc. 17-3 ¶¶ 23–28.)  Plaintiff further pleads that she plans to lodge at Defendants' Property in

19   August 2020, but will remain deterred and not lodge there if the alleged physical barrier has not

20   been remediated.  (*Id*. ¶ 28.)  Taking Plaintiff's allegations in the proposed Second Amended

21   Complaint as true, *see SAES Getters S.p.A.*, 219 F. Supp. 2d at 1088, the Court finds that the

22   proposed amendment is not futile.[2]  *See Chapman*, 631 F.3d at 948–50, 953.

23   Consequently, the final *Foman* factor, *i.e.* whether the proposed amendment is futile, also

24   weighs in favor of allowing the amendment.

25

26   [2] Defendants' suggestion that the proposed Second Amended Complaint is futile because it contains "multiple
     contradictory" allegations with "conspicuously missing evidence" in support (*see* Doc. 18 at 4) is also not persuasive,

27   because it is premised on a factual dispute that is not appropriately resolved at this stage of the proceedings. *See, e.g.*,
     *Allen v. Bayshore Mall*, No. 12–cv–02368–JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts

28   of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to
     dismiss for failure to state a claim or for summary judgment.").

**IV.   CONCLUSION AND ORDER**

Given that all the applicable *Foman* factors favor allowing Plaintiff's proposed amendment, Plaintiff's motion to amend the complaint (Doc. 17) is GRANTED.  Plaintiff shall file her Second Amended Complaint, which is attached as Exhibit 3 to her motion to amend (Doc. 17-3), by no later than three days of the date of this order.  Defendants shall respond to the amended complaint within 21 days after its filing.

IT IS SO ORDERED.

Dated:   **July 29, 2020**                                     /s/ *Sheila K. Oberto*

                                                                    UNITED STATES MAGISTRATE JUDGE