1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THERESA BROOKE, | ) | Case No.: 1:20-cv-0101 JLT SKO |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' MOTION |
| | ) | TO DISMISS PURSUANT TO RULE 12(B)(1) |
| v. | ) | AND DISMISSING THE ACTION WITHOUT |
| | ) | PREJUDICE FOR LACK OF SUBJECT |
| JAVANTILAL M. PATEL, an individual dba | ) | MATTER JURISDICTION |
| Home2 Suites by Hilton Hanford Lemoore; and | ) | |
| ANAND HOSPITALITY LLC, an unorganized | ) | (Docs. 66, 67) |
| entity dba Home2 Suites by Hilton Hanford | ) | |
| Lemoore, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Teresa Brooke asserts the Home2 Suites by Hilton Hanford Lemoore violated Title III of the Americans with Disabilities Act and California law by not having accessible features—such as the concierge desk and loading zone—and misrepresenting the accessibility on the hotel website.  (*See generally* Doc. 25.)  Defendants seek dismissal of the Second Amended Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiff lacked standing when she initiated this action and she fails to state a cognizable claim upon which relief can be granted. (Doc. 30.)

The Court finds the matter is suitable for decision without oral arguments, and no hearing will be set pursuant to Local Rule 230(g).  For the reasons set forth below, Defendants' motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is **GRANTED.**

1

## I.      Background and Procedural History

Theresa Brooke is "legally disabled, confined to a wheelchair, and is therefore a member of a protected class under the ADA."  (Doc. 25 at 1, ¶ 1.)  She reports she resides in Arizona and has an office in San Jose, California "for ADA-related business."  (*Id.*)  Brooke is a "serial tester, both for checking ADA compliance and to confirm whether past ADA violators abide by settlement promises to provide remediation."  (*Id.* at 3, ¶ 10.)  She asserts that she is an "avid traveler[] to California" and visited the state "countless times over the past few years for purposes of checking ADA compliance, leisure travel, and court-related conferences."  (*Id.*, ¶ 8.)

On an unidentified date, Brooke visited the website for Home2 Suites by Hilton Hanford Lemoore, which she assets is owned and operated by defendants Javanital M. Patel and Anand Hospitality LLC.  (Doc. 25 at 2-3, ¶¶ 2, 13; *see also* Doc. 1 at 3, ¶ 9.)  Brooke alleges she visited the website for the Home2 Suites, which was "an internet homepage that operates as the online reservation system for the hotel … and which describes the hotel in detail, including accessible and inaccessible amenities."  (*Id.* at 2, ¶ 4.)  She reports the purpose of visiting the website was "to check compliance with ADA laws and to ensure that she would have access to all of the hotel as able-bodied persons do."  (*Id.* at 3, ¶ 13; *see also* Doc. 1 at 3, ¶ 9.)

According to Brooke, the website indicates a "concierge desk at the hotel is not accessible to persons in a wheelchair, which is something to which Plaintiff seeks access when visiting a hotel."  (Doc. 25 at 3, ¶ 13; *see also* Doc. 1 at 3, ¶ 9.)  Brooke reports she was "[d]eterred due to the lack of full and equal access of the hotel" and would "not visit the hotel until all of its hotel is accessible to her and other persons in a wheelchair."  (Doc. 1 at 3, ¶ 9.)

On January 20, 2020, Brooke initiated this action by filing a complaint for violations of the ADA and California's Unruh Civil Rights Act against Javantilal Patel.  (Doc. 1.)  At that time, Brooke asserted she had "actual knowledge of the barrier at Defendant's hotel, and she is deterred from visiting Defendant's hotel."  (*Id.* at 3, ¶ 10.)  She alleged:  "It is not possible for Plaintiff to re-encounter the injury at bar because she is deterred; it would be futile for her to re-encounter the injury because she already knows there is discrimination that does not allow her visit."  (*Id.*, ¶ 11.)  Brooke stated she would "visit the hotel and check for compliance" if the barrier was remediated "and Defendant does not

1    require a 'No-Visit' clause as a condition precedent to offering the remediation."  (*Id.*)  However,

2    Brooke also indicated she would "amend her complaint to allege and all additional barriers discovered,"

3    if any were identified "though an inspection of the hotel property pursuant to Rule 34."  (*Id.* at 4, ¶ 16.)

4         On February 11, 2020, Defendant Javantilal Patel filed a motion to dismiss the complaint for

5    failure to state a claim and lack of subject matter jurisdiction.  (Doc. 5.)  Patel argued the facts alleged

6    were insufficient for Brooke to establish standing and the barrier Brooke identified—namely, the

7    concierge counter— "simply do[es] not exist at the hotel."  (Doc. 5-1 at 7; *see also id.* at 8-9.)  In

8    addition, Patel asserted he "does not own [the] hotel property in question."  (*Id.* at 9.)  The same date,

9    Brooke filed an amended complaint, which she indicated was to "remedy several false statements by

10   Defendant arising from … [the] Motion to Dismiss."  (Doc. 6 at 1.)  For the first time, Brooke

11   identified Anand Hospitality LLC as a defendant in the action, and added a cause of action for

12   misrepresentation related to the accessibility of the concierge counter.  (*See id.*)  Based upon the filing

13   of the First Amended Complaint, the motion to dismiss was denied as moot.  (Doc. 11.)

14        Defendants Patel and Anand Hospitality LLC filed a motion to dismiss the First Amended

15   Complaint for lack of jurisdiction and failure to state a claim on February 25, 2020.  (Doc. 12.)  After

16   the motion was fully briefed, Brooke filed a motion to amend her complaint.[1]  (Doc. 17; *see also id.* at

17   5.)  The Court granted the motion (Doc. 24), and Brooke filed the Second Amended Complaint

18   ("SAC") on July 30, 2020.  (Doc. 25.)

19        In the SAC, Brooke identifies the following causes of action against Defendants Patel and

20   Anand Hospitality: (1) discrimination in violation of Title III of the ADA, 28 C.F.R. 36.302(e); (2)

21   discrimination in violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52; (3) intentional

22   misrepresentation; and (4) failure to provide "a disability access aisle" in violation of Title III; and (5)

23   a correlating claim for access under the Unruh Civil Rights Act.  (*See* Doc. 25 at 8-13.)  Brooke seeks

24   a declaratory judgment that when the action was filed "Defendant was in violation of the specific

25   requirements of Unruh" and "a permanent injunction … which directs Defendant to take all steps

26   necessary to bring its passenger loading zone into full compliance with the requirements set forth in

27

28
_____
[1] Despite her earlier claims that she was deterred from visiting the hotel, she alleges she visited the hotel in June 2020.

3

1   the ADA, and its implementing regulations, so that the passenger loading zone is fully accessible to,

2   and independently usable by, disabled individuals." (*Id.* at 14.)

3         Defendants filed the motion to dismiss the Second Amended Complaint for failure to state a

4   claim and lack of standing on August 20, 2020.[2]  (Doc. 30.)  Brooke filed her opposition to the motion

5   on September 17, 2020[3] (Doc. 33), to which Defendants replied on September 24, 2020.  (Doc. 34.)

6   **II.       The Americans with Disabilities Act**

7         Title III of the ADA prohibits discrimination against persons with disabilities in places of public

8   accommodation, and provides: "No individual shall be discriminated against on the basis of disability

9   in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

10  accommodations of any place of public accommodation by any person who owns, leases (or leases to),

11  or operates a place of public accommodation."  42 U.S.C. § 12182(a). The ADA requires business

12  facilities be "readily accessible to and usable by individuals with disabilities," unless it would be

13  "structurally impracticable." 42 U.S.C. § 12183(a)(1); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905

14  (9th Cir. 2011).  The Ninth Circuit observed, "In general, a facility is readily accessible to and usable

15  by individuals with disabilities if it meets the requirements promulgated by the Attorney General in the

16  'ADA Accessibility Guidelines,' or the 'ADAAG.'" *Oliver*, 654 F.3d at 905. These standards are

17  codified at 28 C.F.R. Pt. 36, Appendix A, and are "essentially an encyclopedia of design standards."

18  *See id.*

19        For purposes of Title III, discrimination also includes "a failure to remove architectural barriers

20  … in existing facilities … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

21  Thus, the Ninth Circuit found:

22          To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is
    disabled within the meaning of the ADA; (2) the defendant is a private entity that
23          owns, leases, or operates a place of public accommodation; and (3) the plaintiff was
    denied public accommodations by the defendant because of her disability.
24

25

26  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27      [2] As the parties are informed on February 3, 2020, the Eastern District of California has been in a state of judicial
    emergency while this motion was pending resolution.  (*See* Doc. 4-1.)  The action was assigned to the undersigned on
    January 7, 2022.  (*See* Doc. 40.)

28      [3] Plaintiff incorporated by reference "the Entirety of Doc. 14," her opposition (Doc. 33 at 2), which was her
    "Opposition to Defendants' Motion to Dismiss [the] First Amended Complaint," filed March 1, 2020.

1    *Molski v. M.J. Cable, Inc*., 481 F.3d 724, 730 (9th Cir. 2007).  A plaintiff need not show intentional

2    discrimination to establish an ADA violation. *Lentini v. California Ctr. for the Arts, Escondido*, 370

3    F.3d 837, 846 (9th Cir. 2004).

4    **III.**      **Motions to Dismiss under Rule 12(b)(1)**

5         The district court is a court of limited jurisdiction, and is empowered only to hear disputes

6    "authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375,

7    377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). The federal courts

8    are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z*

9    *Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  Thus, a plaintiff carries the burden of

10    demonstrating the Court has subject matter jurisdiction.  *Kokkonen*, 511 U.S. at 377 (citing *McNutt v.*

11    *General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv*.,

12    447 F.3d 1248, 1250 (9th Cir. 2006).

13         Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a

14    claim for relief for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) "may

15    either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

16    existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics*

17    *Corp*., 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)).  Thus, "[a]

18    jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by

19    presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir.

20    2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  The Ninth Circuit explained:

21         In a facial attack, the challenger asserts that the allegations contained in a complaint
     are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual

22         attack, the challenger disputes the truth of the allegations that, by themselves, would
     otherwise invoke federal jurisdiction.

23

24    *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). On a motion to dismiss under

25    Rule 12(b)(1), the standards that must be applied by the Court vary according to the nature of the

26    jurisdictional challenge.

27         If a defendant presents a *facial* challenge to the Court's jurisdiction, the Court must presume

28    the truth of the Plaintiff's factual allegations "and draw all reasonable inferences in his favor."  *Doe v.*

1  *Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343

2  F.3d 1036, 1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004).  The Court should not

3  "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."

4  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  However, the Court "may review

5  evidence beyond the complaint without converting the motion to dismiss into a motion for summary

6  judgment" when resolving a facial attack.  *Safe Air*, 373 F.3d at 1039.

7          On the other hand, if a defendant presents a *factual* challenge to the Court's jurisdiction, the

8  Court "may review any evidence, such as affidavits and testimony."  *McCarthy v. United States*, 850

9  F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Warren*, 328 F.3d at 1139. The

10  Ninth Circuit explained: "Faced with a factual attack on subject matter jurisdiction, 'the trial court may

11  proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56.  No presumptive truthfulness attaches to

12  plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from

13  evaluating for itself the merits of jurisdictional claims.'"  *Thornhill Pub. Co.*, 594 F.2d at 734 (quoting

14  *Mortenson v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (1977)).   If a moving party presents a

15  factual attack motion, "the party opposing the motion must furnish affidavits or other evidence

16  necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2

17  (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)); *see also Assoc. of Am. Med.*

18  *Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000) (same).  Thus, the burden of proof

19  remains with a plaintiff, who has "an affirmative obligation to support jurisdictional allegations with

20  proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).

21  **IV.    Discussion and Analysis**

22          The Ninth Circuit observed, "[b]ecause standing and ripeness pertain to federal courts' subject

23  matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss."  *Chandler v. State*

24  *Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  In the context of a Rule 12(b)(1)

25  motion, a plaintiff has the burden of establishing Article III standing to assert the claims.  *Id.* at 1122;

26  *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (explaining standing is "the core

27  component" of the case-or-controversy requirement under Article III).

28          Defendants argue Brooke lacked standing to bring her claim under the ADA when the action

was filed, and thus contend the Court lacked subject matter jurisdiction.  (Doc. 30-1 at 11.)  Because Defendants present declaratory evidence in support of the motion, they present a factual attack as to Brooke's standing.  *See Savage*, 343 F.3d at 1039 n.2.

### A.      Standing under the ADA

Importantly, "jurisdiction is to be assessed under the facts existing when the complaint is filed." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.4 (1992).  Consequently, "[t]he requisite personal interest"—standing—"must exist at the commencement of the litigation."  *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 214 (2000) (citation omitted); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 850 (9th Cir. 2007) ("Standing is determined at the time of the lawsuit's commencement, and we must consider the facts as they existed at that time the complaint was filed"); *see also Perry v. Village of Arlington Heights,* 186 F.3d 826, 830 (7th Cir. 1999) ("Because standing goes to the jurisdiction of a federal court to hear a particular case, it must exist at the commencement of the suit").

To show standing, a plaintiff "must demonstrate that [she] has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc).  An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'"  *Lujan*, 504 U.S. at 560 (omitting internal citations).  An injury is concrete and particularized when a plaintiff suffers discrimination due to barriers at a public accommodation and those barriers have deterred plaintiff from returning.  *Doran v. 7-Eleven*, 524 F.3d 1034, 1041 (9th Cir. 2008).  A plaintiff suffers an "actual and imminent" injury under the ADA when she alleges "(1) that [s]he visited an accommodation in the past; (2) that [s]he was currently deterred from returning to the accommodation because of ADA violations; and (3) that [s]he would return if the ADA violations were remedied."  *Id.* (citing *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005)).

Furthermore, to establish standing for a claim of injunctive relief, as Brooke seeks here, she "must demonstrate a 'real and immediate threat of repeated injury' in the future."  *Id.* (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). The Ninth Circuit recognized a

plaintiff seeking injunctive relief under the ADA can show a likelihood of future injury in one of two ways: (1) by showing she "intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier," or (2) by demonstrating "sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id.* at 950.

### B.    Brooke's alleged injury

In the initial complaint, Brooke asserted she visited the website for Home2 Suites by Hilton Hanford Lemoore "to check compliance with ADA laws and to ensure that she would have access to all of the hotel as able-bodied persons do." (Doc. 1 at 3, ¶ 9.)  Brooke alleged the website indicated the "concierge desk at the hotel is not accessible to persons in a wheelchair, which is something to which Plaintiff seeks access when visiting a hotel."  (*Id.*)  Therefore, Brooke indicated she was "deterred from staying at Home2 Suites "due to the lack of full and equal access at the hotel," and she would "not visit the hotel until all of its hotel is accessible to her and other persons in a wheelchair."  (*Id.*; *see also* Doc. 14 at 2 [noting the ADA claim in the original complaint was based upon the accessibility of the concierge desk].)

Defendants contend Brooke was unable to establish standing under the ADA for discrimination due to an inaccessible concierge desk.  (Doc. 30-1 at 5, 12.)  According to Defendants, a concierge desk "did not and does not exist to the present day" at the hotel.  (*Id.* at 12.)  Defendants assert that if she "actually visited the property, she would have seen that the amenities listed as unavailable with in SAC, were in fact not available because they did not and do not exist."  (*Id.*)  For example, Defendants note the hotel website also indicates there is not an "[a]ccessible hotel restaurant," an "[a]ccessible route from the hotel's accessible public entrance to at least one restaurant," or "[a]ccessible transportation with advance notice."  (*Id.* at 5.)  Defendants contend "[n]one of these listed amenities exist on the property for anyone, whatsoever[,] whether someone is disabled or not."  (*Id.*, emphasis omitted.)

In support of their contention that a concierge desk did not exist at the hotel, Defendants submitted the declaration from Dan Zoldak, who is a Certified Access Specialist and licensed engineer. (Doc. 30-2 at 2, ¶ 1.)  Mr. Zoldak reports he visited Home2 Suites on January 23, 2020—three days after the complaint was filed in this action—and observed that "the only desk in the lobby for guests to

1   use was the reservation desk." (*Id.*, ¶ 2.) There was not a separate concierge desk in the lobby. (*Id.*)

2   In addition, Mr. Zoldak indicated he returned to the property after January 2020, and "observed no

3   additional concierge desk has been constructed." (*Id.*) Further, Mr. Zoldak reports he measured the

4   height of the registration desk and determined the only counter in the lobby was "in compliance with

5   the appropriate code." (*Id.* at 2, 4.)

6          Notably, Brooke recognizes in her Second Amended Complaint that the website indicates

7   "[a]vailable accessible features include" an "[a]cesssible registration desk" while features that were not

8   available included an "[a]ccessible concierge desk." (Doc. 25 at 4-5.) Thus, Brooke implicitly

9   acknowledges the distinction between a registration desk, which Mr. Zoldak found in the hotel, and a

10  concierge desk, which Zoldak stated did not exist in the hotel. Although Brooke argues the Court

11  should not consider the declaratory evidence from Mr. Zoldak at this juncture, the Court is entitled to

12  consider evidence when, as here, a party makes a factual attack as to subject matter jurisdiction.

13  *Warren*, 328 F.3d at 1139 ("in ruling on a 12(b)(1) jurisdictional challenge, a court may look beyond

14  the complaint and consider extrinsic evidence"). Thus, Mr. Zoldak's observations that the hotel did not

15  have a concierge desk—immediately after the filing of the complaint by Brooke— is properly

16  considered by the Court.

17         Moreover, though faced with evidence that a concierge desk does not exist in the hotel lobby,

18  Brooke fails to carry the burden to present *any* evidence to support a finding that she suffered

19  discrimination related to the accessibility of a concierge desk at Home2 Suites. For example, Brooke

20  does not present any declaratory evidence related to her claim, any photos indicating there was a

21  concierge desk in the lobby, or any evidence that the alleged concierge desk was not accessible.

22  Without such evidence, Brooke fails to carry the burden to show any discrimination or injury-in-fact

23  under the ADA at the time of the complaint was filed. *See Assoc. of Am. Med. Colleges*, 217 F.3d at

24  778-79 (noting that if facing a factual attack under Rule 12(b)(1), the opposing party must "present

25  affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact,

26  possesses subject matter jurisdiction"); *Savage*, 343 F.3d at 1039, n.2.

27         Because this Court's subject matter jurisdiction rested upon Brooke's standing under the ADA

28  at the time the complaint was filed, she has failed to demonstrate the Court's subject matter jurisdiction

was properly invoked.  *See Friends of the Earth,* 528 U.S. at 184 (standing concerns only whether a plaintiff has a viable claim that a defendant' s unlawful conduct "was occurring at the time the complaint was filed").

**V.      Motion to Dismiss under Rule 12(b)(6)**

As noted above, Defendants also seek dismissal of the claims in the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  Because the Court finds Brooke fails to demonstrate she had standing when the action was commenced—and thereby fails to show the Court had subject matter jurisdiction over the matter—the motion to dismiss pursuant to Rule 12(b)(6) is moot.  *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990) (noting a court should consider the Rule 12(b)(1) motion first, since the Rule 12 (b)(6) challenge becomes moot if this court lacks subject matter jurisdiction").

**VI.      Request for Fees and Costs**

Defendants request that the Court award fees and costs related to this litigation.  (Doc. 30-1 at 18-19.)  Under the ADA's fee provision, "attorney's fee[s], including litigation expenses, and costs" are discretionary if the defendant is the prevailing party. 42 U.S.C. § 12205.  Pursuant to Ninth Circuit authority, attorney's fees under § 12205 should be awarded to a prevailing defendant only when the plaintiff's action was "'frivolous, unreasonable, or without foundation.'" *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  Thus, a prevailing defendant in an ADA case can obtain attorney's fees and costs if the plaintiff's action was frivolous, unreasonable or without foundation at the time the complaint was filed. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006).

An action is frivolous, unreasonable or without foundation if it "lacks an arguable basis in law or in fact." *Peters v. Winco Foods, Inc.,* 320 F. Supp. 2d 1035, 1037 (E.D. Cal. 2004), *aff'd*, 151 F. App'x 549 (9th Cir. 2005); *see also Mitchell v. Office of L.A. County Superintendent of Sch.*, 805 F.2d 844, 847 (9th Cir. 1986) (observing " a significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial").  The Court declines to find the action was frivolous when filed, because it appears the initial

1  allegations were simply based upon a misinterpretation of the website[4] and the amenities listed as not

2  accessible at the hotel.

3       Although Defendants have consistently raised the issue of standing in response to the, it also is

4  not clear that Plaintiff was aware the issue was not curable by her subsequent visit to the hotel

5  identifying another alleged barrier and acted unreasonably in seeking leave to amend, because ADA

6  plaintiffs may generally seek leave to amend complaints to identify other barriers encountered during a

7  property inspection.  *See Chapman v. Pier 1 Imports (U.S.), Inc.,* 631 F.3d 939, 944 (9th Cir. 2011);

8  *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011).  Indeed, the Second Amended

9  Complaint was filed only after the Court found the requested amendment was not futile and Brooke did

10  not act in bad faith in seeking leave to amend, and the Court granted leave for the filing.  (*See generally*

11  Doc. 24.)  Thus, the Court declines to find an award of fees is appropriate under Section 12205 and

12  exercises its discretion to deny the request for fees and costs.

13  **VII.**   **Conclusion and Order**

14       For the reasons set forth above, the Court **ORDERS**:

15      1.   Defendants' motion to dismiss under Rule 12(b)(1) is **GRANTED**;

16      2.   Defendants' motion to dismiss under Rule 12(b)(6) is **MOOT**;

17      3.   Defendants' request for fees is **DENIED**;

18      4.   The action is **DISMISSED** without prejudice for lack of subject matter jurisdiction; and

19      5.   The Clerk of Court is directed to close this action.

21  IT IS SO ORDERED.

22    Dated:   **January 24, 2022**

23  UNITED STATES DISTRICT JUDGE

---

[4]Under Fed.R.Civ.P. 11, however, a plaintiff is obligated to investigate her claims before filing suit.  Seemingly, a call to the hotel would have clarified whether the amenities the plaintiff believed were denied to disabled patrons existed for any patrons.  Thus, the plaintiff is reminded of her obligations under Rule 11.